**AHV PROPERTIES**

v.

**COLUMBIA GAS TRANSMISSION CORPORATION.**

Civil Action No. 96–3655.

United States District Court, E.D. Pennsylvania.

Nov. 14, 1996.

---

Douglas B. Breidenbach, Jr., Breidenbach, Breidenbach and Troncelliti, Pottstown, PA, for plaintiff.

M. Richard Kalter, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for defendant.

*MEMORANDUM*

ROBERT F. KELLY, District Judge.

This action was brought by AHV Properties ("AHV") against the Columbia Gas Transmission Corporation ("Columbia") for an alleged violation of Columbia's duties under the Pennsylvania One–Call statute and negligence claims generally.

According to the Final Pretrial Order, AHV alleges:

(a) that Columbia Gas knowingly, intentionally, recklessly and/or negligently acted in violation of the Act of 1972, December 18, P.L. 852, No. 287, 1 et seq., as amended, 73 P.S. 176, et seq. as follows:

(i) in violation of 73 P.S. 177(4), Columbia Gas inaccurately and incorrectly identified the actual position of its lines on the Premises;

(ii) in violation of 73 P.S. 177(5), Columbia Gas failed to properly mark, stake, locate, or otherwise provide the position of its lines in a timely fashion;

(b) that Columbia Gas knowingly, intentionally, recklessly, and/or negligently misrepresented the location of its lines, and AHV justifiably relied thereon, to it[s] detriment;

(c) that Columbia Gas was otherwise negligent.[1]

The section of the Pennsylvania One–Call statute in question in this lawsuit is § 177(4) which states:

Not more than ten working days after receipt of a request therefor from a designer who identifies the site of excavation or demolition work for which he is preparing a drawing, to initially respor. l to his request, orally or by mail, for information as to the position and type of the user's possession. If there are no lines at the site, the user shall so advise the person making the request; if there are lines at the site, the user shall follow up such initial response. In either instance, such response shall be in writing when requested by the designer.

1. At the time of trial, AHV acknowledged that (a)(ii) was no longer a part of their claim.

When AHV's engineering firm, Bursich Associates, made a "One–Call request", Columbia responded by faxing a copy of an inventory map showing a pipeline on the premises in question.

Based upon this map and on-site observations, Bursich proceeded to design the location of proposed improvements on the property in question. Two years later when these plans were submitted to Columbia, AHV was told that the proposed construction would be on the pipeline right-of-way.

AHV has brought this lawsuit for the costs incurred in redesigning the property and lost rentals because of delays in construction. From testimony taken at the non-jury trial of this matter, I make the following:

### FINDINGS OF FACT

1. When Columbia receives a request by a property owner to come out and locate the pipeline, whether it is for design purposes or someone who just wants to know where the line is because they are going to plant trees, etc., Columbia will go out and stake the line. N.T. 45–46.

2. In response to such a call, Columbia will always send out a crew to locate the line. N.T. 46.

3. The inventory map admitted in evidence as Exhibit P–2 definitely shows a bend in the pipeline. N.T. 47. If someone wanted to find out exactly where the bend was located, Columbia would go out and physically locate the line. N.T. 47.

4. When AHV contacted Columbia by way of the Pennsylvania One–Call system, Columbia sent P–2, an inventory map showing the existence of the pipeline on the property in question. N.T. 61. Bursich, the engineering company employed by AHV sent a field-crew out to locate the pipeline by using P–2 and what they thought was the physical evidence of the location on the site. N.T. 62–63.

5. Columbia did not mark the exact location of the pipeline prior to receiving a request to do so nor did it record the exact location of the pipeline in its office.

6. Columbia has an inventory map that shows the approximate location of the gas pipeline throughout the country. That map does not have specific courses and distances or dimensions. N.T. 28.

7. If there is a need to find the exact location of the pipeline, Columbia sends a crew to the field with proper instruments to locate and stake the pipeline. N.T. 29.

8. AHV's position is that under the statute Columbia has the duty to advise them of the position based on information in its possession. N.T. 29.

9. An inventory map cannot be relied upon to show the actual location of the pipeline. N.T. 39.

10. Columbia does not respond to requests for design information by going out and staking the actual location of the pipeline unless they are asked to do so. N.T. 42–43.

11. Mr. Gottier is responsible for the section of pipeline in the area in question. He is responsible for 195 miles of pipeline. N.T. 44.

12. In 1995, when Columbia received a request to actually locate the pipeline in question, it took two men one to one and a half hours to locate and stake it. N.T. 45.

13. No one at Bursich asked Columbia to go out and locate and stake the line in 1993. N.T. 65.

14. In locating a building on this property, it was important to know exactly where the pipeline is located for safety reasons. When the Bursich people went out to the field, the mow line and other physical indicators did not tell them exactly where the pipeline was. The Bursich employees never asked Columbia exactly where the pipeline was. N.T. 69.

15. Following the receipt on July 30, 1993 of the inventory map, Bursich never contacted Columbia Gas to ask them for a more specific location of their pipeline. N.T. 76.

16. On October 3, 1995, when Empire Excavating made a Pennsylvania One–Call request, Columbia personnel came to the property the next day and staked the exact location of the pipeline. N.T. 81.

17. During the building season of May through October, the section of the pipeline over which Mr. Gottier has supervision receives over 600 calls a week through the One–Call system. In December and January it falls off to about 200 to 250 per week. N.T. 140. Ninety-nine percent of the calls received are for construction. Less than one percent are requests for information for design. N.T. 141. It is common knowledge that Columbia's policy is not to stake properties on design requests. N.T. 141–42.

18. When Columbia supplied Bursich with the inventory map showing the general location of the pipeline, Columbia had no other plans or survey maps in its possession showing a more exact location of the gas pipeline that it did not make available to AHV. N.T. 141.

19. The proper procedure under the circumstances was to make the One–Call to ascertain if there were any utilities on the site and secondly, after determining that there are or may be utilities on the site, make direct contact with the utilities and have them mark their lines so that the individual making this survey may incorporate that information in the survey. N.T. 146–47.

20. The description of most pipeline easements are vague at best and the only reliable source of the location of the easement is the actual pipe itself which must be physically located on the property. N.T. 148.

## CONCLUSIONS OF LAW

■ 1. Columbia satisfied its obligation under 73 P.S. 177(4) when it provided AHV with the inventory map P–2.

2. Exhibit P–2 was all the information that Columbia possessed with reference to the exact location of the gas pipeline on AHV's property.

■ 3. Once AHV was made aware of the presence of the gas pipeline on its property, it had a duty to contact Columbia in order to have the exact location of the pipeline staked out, if its presence could possibly interfere with AHV's planned use for the property.

4. No reasonable person would rely on Exhibit P–2 as an indicator of the precise location of the pipeline.

■ 5. Columbia was not negligent and it satisfied all of the requirements of 73 P.S. 177(4).

I therefore make the following Order:

## ORDER

AND NOW, this 14th day of November, 1996, Judgment is hereby entered in favor of Columbia Gas Transmission Corporation, Defendant, and against AHV PROPERTIES, Plaintiff. Plaintiff is required to pay costs of suit.